May it please the Court, Anne McClintock on behalf of the Federal Defender's Office and Mr. Ian Brown. This case is on one level much simpler than the two we've just heard in that we don't have a dispute about what the applicable clearly established Supreme Court precedent is. Where our dispute is really is under 2254d2 is whether the district court properly had before it and therefore properly understood what the facts were in context of what the State Court of Appeals did. And I think given the proffers that we submitted unopposed that the State Court's decisions on appeal were based on clearly erroneous statement of what the facts were as far as what the nature, the specific nature of the excluded exculpatory evidence was. Well, I have some problems with the proffer, unopposed perhaps even as to their accuracy, but I have to confess I'm confused as I try to sort through the record and figure out what was properly before the State Court at what time and how it was that this material hadn't been made part of the trial court record or made part of the appellate record before the decision on appeal. As I understood the description, these were being offered up as an offer of proof made in effect after the Court of Appeals, the Court of Appeal has already ruled on the main appeal. There's some motion for rehearing pending and at that time this proffer is offered up. That's correct. And I also suffered the same confusion in trying to sort through this record. And as I understand it, what happened was that initially the appellate attorney that at trial, pretrial, the defense attorney for Mr. Ian Brown made it clear that he wanted to call Dr. Schaffer as a witness. Mr. Jason Brown's attorney, Mr. Cotta, opposed invoking the privilege, the psychotherapist privilege. There was an off-the-record, and this is where the source of our real problem is, there was an off-the-record discussion with trial court. Trial court ruled that there was the privilege held, that it hadn't been waived, and therefore barred the admission of either psychiatric records that had been given over to Jason Brown, from Jason Brown's attorney to my client, Ian Brown's counsel, or Dr. Schaffer's report. But didn't omit questioning relating to the report, and this is after considerable evidence was elicited from the family members and from Jason himself. Well, time-wise, this was before it was pretrial, but I agree with you. I understand, but it's still. And that makes some logical sense. Since the counsel's already reviewed this material, he's prepared questions, it's rather impossible to unring that bell that he can't form questions based on it. And the key thing, I'll just jump to the end. Wait a minute. What did you just say? That he can't form questions? That he could not. That he can form. I mean, the defense is that he could use the reports in questioning. The court did hold that. In forming his questions. Right. And the problem and the ultimate prejudice to my client was that when the witnesses, whether it was Anita Brown, the mother, whether it was Dana Brown or whether it was Jason Brown, either gave answers that were less than complete in downplaying the severity of the violence that Jason suffered and the severity of his symptoms or Jason himself. Okay. Now, what do we have in the record in terms of either we have the characterization, as I recall, by counsel of what's in the 1,500-page report, correct? And we're not even sure. We'll get to that. I'm not even sure it's in the record. Wait, wait. Let me finish. Go ahead. What do we have?  I don't recall there being anything offered either under seal or anything else to say, look, here's what we need to get into and the reasons that the testimony by Jason about his illness, about his family, isn't enough. What do we have in this record from Dr. Schaffer or from anybody that's admissible, that's not hearsay, as to what's in that report and why there is prejudice in terms of specifics, which could have been done under seal, presumably? There are two components to the answer. What you have anywhere in a Federal court record is just the proffered declarations that I submitted with a motion to submit them under seal before you. The district court didn't have anything. Which is another big problem. It is a big problem. The district court didn't have it before. Right. It didn't even have that. Right. And I think my response as far as there's a two-fold problem is that the district court, on one level, reasonably looked at what the State Court of Appeals on Published Decisions said, but did not look carefully at what the Respondent's answer was. And the Respondents failed to provide a complete record in that they recite in the attachments to their answer that if you plow through it, you'll find these references to this proffer, but they did not seek the proffer or make mention of the proffer in the specific answer. So as far as the district court is concerned, it is in the record, a reference to the proffer, but the proffers themselves are not in the record until I submitted them after I got them from the State appellate attorney. So my reaction is that at a minimum, what this case needs is that very analysis by a Federal court, required under Murdoch, required under the Supreme Court's ruling about assessing what the excluded evidence was and what effect it would have. My question is, even assuming that, even assuming what went at the appellate levels in the State court and is now coming here, if all of this testimony, and there was considerable testimony, even by Jason, about his violence, about having to be restrained. There was considerable testimony from the mother, from the brother. We don't know because it was never put out there anywhere, either in the State proceeding or here, other than in a sort of summary of what counsel's impressions of the 1,500-page report were, what it was. And you're saying now we should say, well, since that was never put in, we should send this back so somebody can go find out. Well, I don't think it was never presented. I think it's clear from the settled statement that was submitted by the Superior Court judge during the State appellate court proceedings that the Superior Court judge was aware of the information, the psychiatric records in Dr. Schaeffer's report. The problem is that settled statement does not give the details under seal or otherwise so that the appellate court, either on direct review or here in Federal court at any level, would have the same information. So there's a chambers conversation. There's a discussion by counsel with the trial judge about Dr. Schaeffer's report. I would surmise since the psychiatric records were provided to Ian Brown's counsel, that that was part of the discussion to say, you know, Dr. Schaeffer's report is accurate. This is why it trumps the privilege. And that is in the settled statement as far as the constitutional claim is raised and it's been rejected. And the settled statement, for your convenience, is at the excerpts of record, chapter 3, page 2. It's not enough for us to be able to do the kind of Murdoch-Vanarsdale analysis of the balancing test that needed to be done. It's not even clear to me that the superior court judge did a balancing test. It may well be that he just said, no, the privilege trumps all, in which case that would raise another problem that I don't want to get into. But it would be clear. That would raise a 2254-D1. Kennedy. Wasn't it in the record that counsel said, look, you know, even after that ruling, given the large amount, I think, quote, large amount of testimony I've already elicited from other witnesses regarding the psychological history, et cetera, I mean, in the court of appeals conclusion that in effect there was a conclusion that there was no harm that everything had been elicited and that, indeed, this would be merely cumulative and with no other record. I'm not clear what you're saying. Wherein lies the problem? The problem on a fundamental level is that the district court and the respondents had an obligation to provide the full record, which included the proffers that had been provided to the state court of appeals when they were trying to assess at the district court, federal district court level, the balancing test that had to be done under a clearly established Supreme Court precedent. That didn't happen. So I think at a minimum, this case should be vacated, the judgment should be vacated and remanded for that evidentiary development to take place. I don't know. Maybe I'm not on the same page with you on the proffers. The proffers, I understand it, was the declarations by counsel. They were the declaration by Attorney General's impression of what the report said. Right. He did not feel that he had the authority to submit. Well, one, he didn't have Dr. Schaffer's report. I don't know what happened to that. I have it. They have not agreed because they don't know its completeness. I don't know its completeness, but Dr. Schaffer gave it to me. So I think we have a great deal of information outside the record. Some of it was provided to the State court of appeals on the habeas in the petition for rehearing and then in review. And so here's the question that I'm having in terms of sending this back, even assuming that's an appropriate remedy, and that is, having looked at this and looked at the mountain of testimony from Jason conceding, he might have said the comment about the, what was it, the bookends or whatever, the talk about being restrained, the talk about that he doesn't remember what happens when he's angry, that he was put in the hospital for a nervous breakdown, the testimony from the brothers about, or his brother, et cetera. How do we assess? I mean, it seems to me that's an awful lot of information, and that's essentially what counsel conceded, defense counsel conceded at the trial. Well, I know my time is up, but I would like to respond to this because I think these two points that I think are key. Thank you, ma'am. One, given the proffer and the evidence that I as an officer of court, having reviewed the psychiatric records, I can say that, and this is what I tried to address in the table in the reply brief, that there is a great deal of specific things that would have changed or I think reasonably shows that the jury would have changed their assessment of Jason's credibility, both because of his downplaying. I mean, on a simplest level, Jason, to the jury, was saying, my manic depression just makes me manic in a physically active kind of way that I can't stop. And it is clear from the psychiatric records and it is clear from the proffer that was provided by Attorney Domkowski that that is not a complete or accurate characterization. And what the key components that are missing that makes a difference to the verdict is the explosion of violence, the shifting of blame that he continuously does, and his lying about those things. The other component of it, which I've just lost. It's all right. There's another aspect. Remember, at 2 in the morning, don't call us. I know, and I'll call you, but no. Good. Thank you for the extra time. Thank you. May it please the Court. Justin Riley on behalf of the Warden. The issue here is whether Brown was denied effective cross-examination. The reason really isn't, is it? I mean, the State court of appeal didn't go there. It said we don't have to decide whether or not the privilege was violated. It's whether there was harmless error. Right. So when you say effective cross-examination, it's not just the cross-examination. I mean, it's the whole presentation that can be made. That's right. Whether or not the exclusion of this evidence had anything to do or had any effect, had a substantial and injurious effect on the verdict. Prejudicial prejudice. All the courts, even the ones that arguably reviewed the offers of proof, concluded that there was no prejudice. Well, who reviewed the offer of proof? I mean, what I start with is trying to figure out in the same confusion that I alluded to earlier, I'm not sure who had the material in front of it. I'll take as a given the trial court, because we know there were chambers conferences, the trial court had in front of it more than the record reflects. After that, I get kind of lost. And so we get to the State court of appeal, whose decision we're now looking at, or we're looking at the district court, which was looking at that. But do we know what the State court of appeal looked at when it's rendered its decision that it was harmless error, wouldn't have an effect? In particular, do we know what it was it was evaluating to say, well, that evidence wouldn't have made a difference? If they weren't looking at the evidence that defendant could have submitted, then how can they say it was harmless error? I think we can assume that the information was contained in three places. One was the report and psychiatric records. I don't believe that those were before any court. The second place that they existed in various form, in various forms, were the offers of proof or the proffers. We know that, or we assume that the trial court had an offer of proof in chambers. The State appellate court didn't have the offer of proof until after they had rendered their initial decision. Now, they did not file it. I don't know whether or not they considered it. It was also presented to the California Supreme Court. That court did not file it. I don't know whether they considered it. And it was not presented to the district court. The third place that the information was contained is in the arguments of counsel. Opposing counsel has been kind enough to attach in her excerpts of record the briefs presented to the State appellate court, and I believe to the State Supreme Court. Appellate counsel made the arguments based on the offers of proof that the evidence should have come in, and for various reasons. The courts, the State appellate court and the California State Supreme Court, was able to glean from those arguments just what Brown's problem with the exclusion of the evidence was. So even if they didn't go over the offers of proof, they still had basically in a prejudice analysis what Brown was expecting the evidence to do at trial. I don't know if that answers your question. That was kind of convoluted, I think. Well, it is dramatic. I read the State Court of Appeal decision a couple of times. Yes. And it's clear they have some understanding of what it is a Senate discussion. It's just hard to be confident just how clear the understanding is or what they thought was at issue. And so I'm not sure how this falls out, because I don't know where the responsibility of the record ultimately rests, but it is a little bit troubling to have a court say in definitive terms, you know, we don't have to decide the substantive law, the privilege issue. We can just look at it and say this is harmless here. It wouldn't have mattered. Without having confidence the court knew what it was that the evidence was. How can they say whether it made a difference if you're not entirely sure what it is? And I will say as well that the reply brief presents in a very effective and helpful fashion lots of specifics as to how it is that Jason's testimony could have been called into question. And this whole credibility and reliability could have been called into question if some of these specifics had come out that I did provide a similar, although not in a nifty chart. It was great, easy to read. At page 9 of my brief, basically what I did there is I took the offers of proof, and I believe I accurately cited to the excerpts of record where the offers of proof were, and I took every single contention from the offers of proof that I could find, from the various offers of proof, because there were different ones, and I took each of the bits of evidence or each of the bits, each of the conclusions that Brown argued the evidence would show, and I showed in the record or in his testimony or in the testimony of his family members that he was able to show those things. And so the State's court correctly surmised that at trial, Brown was expecting to use Dr. Schaeffer's testimony in the reports to go to the credibility of Jason Brown, and that it would go to his veracity, honesty, and his ability to recall, and the fact that Brown would make an argument that Jason Brown was the actual perpetrator of the murder. Because those were the arguments made at trial. Those were the arguments made to the State Appellate Court and every court since then. So even though they didn't have before the Dr. Schaeffer's report and the psychiatric records, they were able to conclude correctly what Brown wanted to do with the excluded evidence, and they were able to take that conclusion and reasonably come up with a harmless error analysis. I believe that that analysis of the offers approved goes from page 9 to page 11 in my brief. If the panel didn't have any more questions, I'm prepared to submit. Thank you. I know my time's up. Can I have 30 seconds just to respond to two points? Okay. We're being generous. You are being generous. I thank you. Just Judge Clifton used an expression, I think it's key, is the responsibility of the record. And when you go through our brief, and I know the record, the pattern is difficult to follow, but on direct review, the appellate counsel tried every which way he could to get a complete and accurate explanation for the court to review. That didn't happen. It wasn't the Petitioner's fault. It wasn't his fault. It wasn't the defendant's fault. In district court, the record wasn't fully developed because everything, like the supplemental clerk's transcript, wasn't provided to district court. And as a result, the district court misunderstood the scope to which this prejudice And so I don't want to extend it, but again, looking at it, the at least in terms of the proffer, there was considerable evidence from Jason about the anger that fits the not remembering his action. His family discussed it. And there didn't seem to be anything in the proffer that wasn't covered in the testimony. That's the second part of what I want to address. There was considerable questions about that. But because he couldn't use either of the records of Dr. Schaefer's report or testimony, the defense was not able to complete the impeachment. He could ask the impeaching question, but when Jason didn't give a complete answer or downplayed those issues, we couldn't finish the impeachment. Okay. Thank you. Thank you. This argument is submitted for decision. We'll hear the next case, which is Pintos v. Pacific Creditors Association. Thank you.
judges: Schroeder, Clifton, Schiavelli